**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                     :
AKINTOYE LAOYE,                      :
                                     : CIVIL ACTION NO. 11-1969 (MLC)
           Plaintiff,                :
                                     :
       v.                            :        O P I N I O N
                                     :
D.H.S., et al.,                      :
                                     :
           Defendants.               :
                                     :
```

**COOPER, District Judge**

Plaintiff, Akintoye Laoye, is an immigration detainee. Plaintiff has filed a civil complaint and an application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. He subsequently filed (1) a motion for a stay of deportation (dkt. entry no. 3), (2) a supplement to the complaint (dkt. entry no. 4), which he incorrectly filed as an amended complaint, and (3) a separate motion for miscellaneous relief (dkt. entry no. 9).

The Court must review Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) to determine whether they should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or for seeking monetary relief from immune defendants. For the following reasons, Plaintiff's claims will be dismissed. The pending motions will be denied.

## BACKGROUND

Plaintiff seeks to sue defendants Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE"),

as well as John Doe officers, for his alleged illegal detention pending deportation. He seeks monetary relief. In a later filed document, Plaintiff makes vague assertions concerning medical treatment (dkt. entry no. 6).

Plaintiff's motion for a stay of deportation challenges his underlying immigration case. Plaintiff states that "ICE officers created a false charge (aggravated felony) as one of the charges Plaintiff was deported on. The fact of the matter is that plaintiff's only charge is an out of status charge that is actually unsustainable due to the presence of evidence that DHS is aware of." (Motion, p. 1.)

This Court notes that Plaintiff filed a separate complaint under Laoye v. D.H.S., No. 11-1788 (MLC), which will be addressed in a separate order. The separate complaint raises the same issues as this complaint here.

### DISCUSSION

**A.   Standard of Review**

A district court must review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court must identify cognizable claims and sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

2

Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), examined Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[1] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'". Iqbal, 129 S.Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). There are two principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-50 (citations omitted); see Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

**B.   Claims Must Be Dismissed**

Claims for monetary relief against federal defendants are governed by Bivens v. Six Unknown Named Agents of Federal Bureau

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed.R.Civ.P. 8(d).

3

of Narcotics, 403 U.S. 388, 389 (1971).  Bivens held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment, and thereby described a tort that applied to federal officers and was a federal counterpart to the remedy available under 42 U.S.C. § 1983.  Although they are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits.  See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).

To state a claim under Bivens, a plaintiff must show that a deprivation of a right secured by the Constitution and laws of the United States was caused by an official acting under color of federal law.  See Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978).

But the United States has sovereign immunity except where it consents to be sued.  See United States v. Mitchell, 463 U.S. 206, 212 (1983).  In the absence of such a waiver of immunity, a plaintiff cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484-87 (1994), or against any of the individual defendants in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (suit against government officer in his or her official capacity is suit against the government).

Plaintiff does not cite, and the Court is not aware of, any authority to suggest that the United States has waived its sovereign immunity as to the sort of claim for damages that Plaintiff seeks to assert against the DHS and ICE. Therefore, Plaintiff's Bivens claim for monetary relief against the DHS and ICE must be dismissed.

Plaintiff also alleges that the John Doe officers are officers employed by ICE, or by the Monmouth County Correctional Institution. As to John Doe 1, Plaintiff states that he was told by this officer to get a new passport, and that the officer did not accept Plaintiff's airline ticket. As to John Doe 2, Plaintiff states that this officer told him that ICE put a "hold" on him. As to John Doe 3, Plaintiff alleges that this officer told Plaintiff that Plaintiff was a fugitive. As Plaintiff does not assert constitutional violations against these officers, these claims cannot pass sua sponte screening, and dismissal is warranted.

As to the vague medical care assertions, Plaintiff presents them in a document entitled "Additional Evidence in regards to civil suit." Plaintiff neither submits a pleading as to these assertions, nor names a defendant who was personally involved. Thus, these assertions insofar as they may be construed as being claims will be dismissed.

Plaintiff's motions for a stay of deportation and for miscellaneous relief will also be denied.  The Court does not have jurisdiction to review Plaintiff's immigration matter.  The Plaintiff must exhaust his remedies through the proper channels, including an immigration judge, the Board of Immigration Appeals, and the Court of Appeals.

## CONCLUSION

All of the claims will be dismissed.  Plaintiff's motions will be denied.  The Court will issue an appropriate Order and Judgment.

                                               s/ Mary L. Cooper
                                               **MARY L. COOPER**
                                               United States District Judge

Dated:  February 29, 2012